Exhibit "A"

**State Court of Fulton County**
**\*\*E-FILED\*\***
21EV006116
10/11/2021 11:55 AM
**Christopher G. Scott, Clerk**
Civil Division

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**                 CIVIL ACTION FILE #: _____
Civil Division

Melissa Bartolomei, as Surviving Child
of Theresa Jarboe-Bartolomei, deceased,
et.al.

Plaintiff's Name, Address, City, State, Zip Code

vs.

Retiree Housing Management Inc.c/o CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Brandyn L. Randall

Address: P.O. Box 57007

City, State, Zip Code: Atlanta, Georgia 30343          Phone No.: 404-865-8811

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.     _____
                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV006116
10/11/2021 11:55 AM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY                        CIVIL ACTION FILE #: _____
            Civil Division

Melissa Bartolomei, as Surviving Child
_____
of Theresa Jarboe-Bartolomei, deceased,
_____
et.al.
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Retiree Housing Management Inc.c/o CT Corporation System
_____

289 South Culver Street
_____

Lawrenceville, Georgia 30046
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Brandyn L. Randall
_____

Address: P.O. Box 57007
_____

City, State, Zip Code: Atlanta, Georgia 30343          Phone No.: 404-865-8811

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.      _____
                                                               DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
21EV006116
10/11/2021 11:36 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Melissa Bartolomei, as Surviving Child of Theresa Jarboe-Bartolomei, deceased and Melissa Bartolomei, as Administrator of the Estate of Theresa Jarboe-Bartolomei, deceased, files this Complaint and Demand for Trial by Jury against Defendants Retiree Housing of Atlanta, Inc. f/k/a Teamster Retiree Housing of Atlanta, Inc., Retiree Housing Management, Inc., John Does 1 – 2 and XYZ Corporations 1 – 3 as follows, respectfully demands a trial by jury and alleges the following:

## PARTIES AND JURISDICTION & VENUE

1.

Plaintiff's decedent, Theresa Jarboe-Bartolomei, died on November 1, 2019.  At the time of her death, Plaintiff's decedent, Theresa Jarboe-Bartolomei, was not survived by a spouse. Plaintiff Melissa Bartolomei is the surviving daughter of Theresa Jarboe-Bartolomei, and in this capacity brings this action under the Georgia Wrongful Death Act.

2.

Melissa    Bartolomeiwas    was    appointed    Administrator    of    the    Estate    of
Theresa Jarboe-Bartolomei by the Probate Court of Fulton County, Georgia on October 6, 2020;
and in this capacity, she brings this action on behalf of her mother's estate.

3.

Defendant Retiree Housing of Atlanta, Inc. f/k/a Teamster Retiree Housing of Atlanta, Inc.,
is a foreign non-profit corporation organized under the laws of and authorized to do business in
the State of Georgia.   Defendant Retiree Housing of Atlanta, Inc., may be served through its
registered agent for service, C T Corporation System at 289 South Culver Street, Lawrenceville,
Gwinnett County, Georgia 30046-4805, or otherwise as allowed by law.

4.

Defendant  Retiree  Housing  Management,  Inc.,  is  a  foreign  non-profit  corporation
organized  under  the  laws  of  and  authorized  to  do  business  in  the  State  of  Georgia.
Defendant Retiree Housing Management, Inc., may be served through its registered agent for
service, C T Corporation System at 289 South Culver Street, Lawrenceville, Gwinnett County,
Georgia 30046-4805, or otherwise as allowed by law.

5.

Defendant John Doe 1 is a resident of Georgia and is the unidentified manager of
Defendants' business establishment at the time of the alleged incident at issue in this case.
Defendant John Doe 1 had the authority and right to control the mode and manner of operations
of Atlanta Handicap Manor, Defendants' business located at 450 Fairburn Road, SW, Atlanta, GA
30331, on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant
John Doe 1's authority and control over operations included, but was not limited to, control over

2

the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant John Doe 1 is known by Defendants. When Defendant John Doe 1 is identified by Defendants, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendant John Doe 2 is a resident of Georgia and an unidentified individual who either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Atlanta Handicap Manor, Defendants' business establishment located at 450 Fairburn Road, SW, Atlanta, GA 30331. Defendant John Doe 2's action and inactions directly contributed to the negligence that injured Plaintiff in the incident at issue in this case. As such Defendant John Doe 2 is a joint tortfeasor. The legal name of Defendant John Doe 2 is known by Defendants. When Defendant John Doe 2 is identified by Defendants, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7.

Defendants XYZ Corporations 1-3 are unidentified business entities are potential, third-party, joint tortfeasors.  Defendants XYZ Corporations 1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Atlanta Handicap Manor, Defendants' business located at 450 Fairburn Road, SW, Atlanta, GA 30331, and may have contributed to the negligence that injured Plaintiff. when these Defendants' names have been ascertained, Plaintiff will amend the Complaint and cause a Summons and Complaint to be properly served.

8.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A § 14-2-510,

3

venue is proper because the cause of action originated in Fulton County, Georgia. Defendants are joint tortfeasors, and subject to the jurisdiction and venue of this Court.

## STATEMENT OF FACTS

9.

On or about October 11, 2019 (the "date of the incident"), Theresa Jarboe-Bartolomei was an invitee and resident of Atlanta Handicap Manor, Defendants' business establishment located at 450 Fairburn Road, S.W., Atlanta, Fulton County, Georgia 30331 (the "Premises").

10.

On the date of incident, the decedent slipped and fell near the mailboxes and security desk after Defendant John Doe 2, an employee or agent of Defendants, created a wet spot on the floor and failed to make the area safe, or warn about the condition in the area before the decedent's fall.

11.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

12.

At all times material, including but not limited to the date of incident, Defendants owned, controlled, managed, operated, maintained, or serviced the Premises.

## ACTIVE NEGLIGENCE

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above, as if they were restated herein verbatim.

14.

At all material times, Defendants controlled the mode, manner, and means by which they operated Atlanta Handicap Manor. Under Defendants' mode, manner, and means of operating its

4

business, fall risks were reasonably foreseeable.

15.

Defendants' chosen mode and manner of operation of Atlanta Handicap Manor required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16.

At all material times, Defendants owed certain civil duties to Theresa Jarboe-Bartolomei, including the duty to exercise reasonable and ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Atlanta Handicap Manor.

17.

At all material times, Defendants had a duty to develop, implement, maintain, comply with, and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect residents and other invitees from the foreseeable risks of harm, including fall risks arising from the operation of Atlanta Handicap Manor.

18.

Defendants breached their duty to Theresa Jarboe-Bartolomei by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

19.

While operating Atlanta Handicap Manor, Defendants negligently failed to exercise reasonable care to protect Theresa Jarboe-Bartolomei from foreseeable risks of harm in one or more of the following ways:

(i)     Defendants failed to maintain a safety protocol to protect residents and invitees from the foreseeable risk of injuries caused by a slip and fall;

(ii)     Defendants' safety program was inadequate to protect residents and invitees from the foreseeable risk of injuries caused by a slip and fall;

(iii)    Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

(iv)     Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v)      Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi)     Defendants failed to warn Theresa Jarboe-Bartolomei of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

20.

Defendants' failure to exercise reasonable care in their operations of Atlanta Handicap Manor caused water to be on the floor which created a fall risk and caused Theresa Jarboe-Bartolomei's fall, resulting injuries and subsequent death.

21.

Defendants' negligent operation of Atlanta Handicap Manor directly and proximately caused Plaintiff's injuries.

22.

Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, servants, and representatives, committed during the course and scope of their employment or control and in furtherance of Defendants' business. Defendants' employees, contractors, agents, and representatives include, but are not limited to, Defendants John Does 1-2.

6

## PREMISES LIABILITY

### 23.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above, as if they were restated herein verbatim.

### 24.

At all material times, Defendants owned, occupied and were otherwise in possession and control of the Premises.

### 25.

At all times material, Defendants owed Theresa Jarboe-Bartolomei a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition and to keep it in good repair.

### 26.

Defendants' duty of care included:

(i)      Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;

(ii)     Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

(iii)    Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

### 27.

At all material times, Plaintiff was Defendants' invitee.

### 28.

On the date of incident, Plaintiff slipped on water on the floor of the Premises.

29.

The water that caused Plaintiff's fall was on the floor of the Premises for a sufficient length of time that Defendants knew, or should have known, about the substance on the floor and the hazardous condition it created. The significant amount of time the water was on the floor afforded Defendants the opportunity to remove the hazard and/or warn invitees of the dangerous condition the water created.

30.

Defendants had notice of the water on the floor and controlled the condition of the Premises. Thus, Defendants and their employees, contractors, agents and representatives had a duty to remove the water from the Premises floor or warn residents and invitees including Theresa Jarboe-Bartolomei of the hazard because it posed an unreadable risk of harm to the safety of all residents and guests.

31.

At all relevant times, Defendants breached their duty by failing to inspect the premises; failing to remove the water from the Premises floor; and failing to warn residents and other invitees including Theresa Jarboe-Bartolomei of the specific hazard.

32.

As a direct and proximate result of Defendants' negligent failure to remove, remedy, otherwise remedy or warn residents and invitees about the known hazard, Theresa Jarboe-Bartolomei slipped on the water on the floor; suffered serious physical injuries to her body which caused physical, emotional and mental pain and suffering, as well as disfigurement, disability and impairment; and subsequently died.

33.

The hazardous condition was not known to and was unappreciated by Theresa Jarboe-Bartolomei.

34.

As a direct and proximate result of Defendants' negligence, Theresa Jarboe-Bartolomei incurred medical bills in excess of $77,558.31.

## WRONGFUL DEATH

35.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35 above, as if they were restated herein verbatim.

36.

Theresa Jarboe-Bartolomei died on November 1, 2019 as a direct and proximate result of the injuries caused by Defendants' negligent acts and omissions described in this Complaint.

37.

Wherefore, Plaintiff Melissa Bartolomei, as surviving child of Theresa Jarboe-Bartolomei, is entitled to compensatory damages for the full value of the life of Theresa Jarboe-Bartolomei under Georgia's wrongful death statutes.

## ESTATE'S TORT CLAIMS

38.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 37 above as if they were restated herein verbatim.

39.

Plaintiff Melissa Bartolomei is the Administrator of the Estate of Theresa Jarboe-Bartolomei, and she brings these claims in that capacity.

9

40.

As set out above, Theresa Jarboe-Bartolomei sustained grievous injuries, pain, suffering, and death as a direct result of Defendants' acts and omissions which constitute violations of federal and state law, professional negligence, general negligence, and negligence *per se*.

41.

As a result of the Defendants' wrongful conduct, Theresa Jarboe-Bartolomei incurred medical expenses and related expenses for her care, treatment and services prior to her death. Theresa Jarboe-Bartolomei also endured untold pain and suffering as a result of Defendants' negligent acts and omissions prior to her death. is entitled to recover all damages to which Theresa Jarboe-Bartolomei would have been entitled had she survived.

42.

Based on the foregoing, in her capacity as the Administrator of the Estate of Theresa Jarboe-Bartolomei, Plaintiff Melissa Bartolomei is entitled to recover from Defendants damages equal to all expenses incurred in the provision of medical care and treatment to Theresa Jarboe-Bartolomei resulting from the Defendant's wrongful conduct. The Plaintiff is also entitled to recover damages for Theresa Jarboe-Bartolomei's conscious pain and suffering prior to his death.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays:

A.     That Process and Summons issue, as provided by law, requiring all defendants to appear and answer Plaintiff's Complaint;

B.     That service be had upon all defendants as provided by law;

C.     That Plaintiff be granted a **trial by jury** of twelve persons as to all issues;

10

D.     That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in such amounts in excess of Ten Thousand Dollars ($10,000.00) as will fully compensate:

(a)     Plaintiff Melissa Bartolomei, as Administrator of the Estate of Theresa Jarboe-Bartolomei for all of her personal injuries, pain and suffering, medical expenses, burial expenses and other damages allowed by law; and

(b)     Plaintiff Melissa Bartolomei as Surviving Child of Theresa Jarboe-Bartolomei for the full value of her life; and,

E.     That Plaintiff have such further relief as the court may deem just and proper.

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

/s/ *Brandyn L. Randall*

BRANDYN L. RANDALL
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)

*Attorney for Plaintiff*

11

State Court of Fulton County
**E-FILED**
21EV006116
10/11/2021 11:36 AM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☑ **State Court of** Fulton _____ **County**

| For Clerk Use Only |
|---|
| **Date Filed** _____     **Case Number** _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
Bartolomei  Melissaa
_____
Last        First        Middle I.    Suffix    Prefix
_____
Last        First        Middle I.    Suffix    Prefix
_____
Last        First        Middle I.    Suffix    Prefix
_____
Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**
Retiree Housing of Atlanta, Inc.
_____
Last        First        Middle I.    Suffix    Prefix
Retiree Housing Management, Inc.
_____
Last        First        Middle I.    Suffix    Prefix
John Does 1-2
_____
Last        First        Middle I.    Suffix    Prefix
XYZ Corporation 1-3
_____
Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Brandyn L. Randall _____     **Bar Number** 627408 _____     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
21EV006116
10/22/2021 2:14 PM
Christopher G. Scott, Clerk
Civil Division

Exhibit "B"

## AFFIDAVIT OF SERVICE

State of Georgia                    County of FULTON                    State Court

Case Number: 21EV006116

Plaintiff:
**MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-
BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of
the Estate of THERESA JARBOE-BARTOLOMEI, deceased,**

vs.

Defendant:
**RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING
OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES
1-2; and XYZ CORPORATIONS 1-3,**

For:
Brandyn Randall
MORGAN & MORGAN, ATLANTA PLLC
P. O. BOX 57007
ATLANTA, GA 30343

Received by Discrete Professional Services L. L. C. on the 14th day of October, 2021 at 1:13 pm to be served on
**RETIREE HOUSING MANAGEMENT INC. c/o REGISTERED AGENT: CT CORPORATION SYSTEM, 289 S
CULVER ST, LAWRENCEVILLE, GA 30046.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **15th day of October, 2021** at **8:55 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT AND DEMAND FOR
TRIAL BY JURY and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RETIREE HOUSING
OF ATLANTA, INC. and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RETIREE
HOUSING MANAGEMENT, INC. and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS and
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS and PLAINTIFF'S 30(b)
(6) DEPOSITION NOTICE OF DEFENDANT RETIREE HOUSING OF ATLANTA, INC. and PLAINTIFF'S 30(b)(6)
DEPOSITION NOTICE OF DEFENDANT RETIREE HOUSING MANAGEMENT, INC. and RULE 5.2 CERTIFICATE
OF SERVICE OF DISCOVERY MATERIALS and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING
INFORMATION FORM and LETTER FROM ATTORNEY** to: Jane Richardson for The REGISTERED AGENT, at
the address of: **289 S CULVER ST, LAWRENCEVILLE, GA 30046** on behalf of **RETIREE HOUSING
MANAGEMENT INC.**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal
knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this
____16TH___ day of __OCTOBER___ , 20_21_ , by the
affiant who is personally known to me or has show
acceptable identification.

_____
NOTARY PUBLIC

_____
**MUHSIN S. HASSAN**

Discrete Professional Services L. L. C.
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2021001062
Ref: BARTOLOMEI V. RETIREE HOUSING, et.al.

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

ERNESTINE BELL
MY COMMISSION EXPIRES
JANUARY 1, 2022
CLAYTON COUNTY, GEORGIA
NOTARY PUBLIC

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV006116**
**10/22/2021 2:16 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

State of Georgia          County of FULTON          **State Court**

Case Number: 21EV006116

Plaintiff:
**MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased,**

vs.

Defendant:
**RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1-2; and XYZ CORPORATIONS 1-3,**

For:
Brandyn Randall
MORGAN & MORGAN, ATLANTA PLLC
P. O. BOX 57007
ATLANTA, GA 30343

Received by Discrete Professional Services L. L. C. on the 14th day of October, 2021 at 1:13 pm to be served on **RETIREE HOUSING OF ATLANTA, INC c/o REGISTERED AGENT: CT CORPORATION SYSTEM, 289 S CULVER ST, LAWRENCEVILLE, GA 30046**.

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **15th day of October, 2021** at **8:55 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT AND DEMAND FOR TRIAL BY JURY and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RETIREE HOUSING OF ATLANTA, INC. and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RETIREE HOUSING MANAGEMENT, INC. and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS and PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE OF DEFENDANT RETIREE HOUSING OF ATLANTA, INC. and PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE OF DEFENDANT RETIREE HOUSING MANAGEMENT, INC. and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM and LETTER FROM ATTORNEY** to: **Jane Richardson** for The REGISTERED AGENT, at the address of: **289 S CULVER ST, LAWRENCEVILLE, GA 30046** on behalf of **RETIREE HOUSING OF ATLANTA, INC**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this
_16TH_ day of _OCTOBER_ , 202_1_ , by the
affiant who is personally known to me or has show
acceptable identification.

_Ernestine Bell_
NOTARY PUBLIC

**MUHSIN S. HASSAN**

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2021001061
Ref: BARTOLOMEI V. RETIREE HOUSING, et.al.

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV006116**
**11/10/2021 3:55 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

Exhibit "C"

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, <br><br> Plaintiff, <br><br> v. <br><br> RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC., JOHN DOES 1-2; and XYZ CORPORATIONS 1-3, <br><br> Defendants. | Civil Action <br> File No.: 21EV006116 |

## DEFENDANT RETIREE HOUSING OF ATLANTA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Retiree Housing of Atlanta, Inc., and responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

## SECOND DEFENSE

Defendants, through their agents and employees, exercised that degree of skill and care required of them under Georgia law.

## THIRD DEFENSE

Defendants breached no duty owed to Plaintiffs, or Plaintiffs' decedent.

## FOURTH DEFENSE

The injuries suffered by Plaintiff's decedent and the damages alleged by the Plaintiff were not proximately caused by any negligent act or omission on the part of Defendants.

## FIFTH DEFENSE

Plaintiff's decedent failed to exercise ordinary care for her own safety.

## SIXTH DEFENSE

Plaintiff's decedent, through the exercise of ordinary care, could have avoided Plaintiff's alleged damages.

## SEVENTH DEFENSE

Plaintiff's decedent had equal knowledge of any alleged hazard or danger.

## EIGHT DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## NINTH DEFENSE

Plaintiff's decedent failed to mitigate her injuries and damages.

## TENTH DEFENSE

The damages and injuries alleged by Plaintiff were caused by a third-party, not the named Defendants.

## **ELEVENTH DEFENSE**

Without waiving any of the above enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## **PARTIES AND JURISDICTION & VENUE**

1.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

2.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

3.

Responding to the first sentence of Paragraph 3 of Plaintiff's Complaint, this Defendant admits that it is a foreign corporation authorized to do business in Georgia, but denies the remaining allegations contained therein.  This Defendant admits the allegations contained in the second sentence of Paragraph 3 of Plaintiff's Complaint.

4.

Responding to the first sentence of Paragraph 4 of Plaintiff's Complaint, this Defendant admits that Defendant Retiree Housing Management, Inc. is a foreign corporation authorized to do business in Georgia, but denies the remaining allegations contained therein. This Defendant admits the allegations contained in the second sentence of Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## STATEMENT OF FACTS

### 9.

This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10.

This Defendant admits that the decedent fell on the date of the incident, but denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

### 11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

### 12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## ACTIVE NEGLIGENCE

### 13.

Responding to Paragraph 13 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 12 above as if fully restated.

14.

This Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits it implemented safety procedures, but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## **PREMISES LIABILITY**

23.

Responding to Paragraph 23 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 22 above as if fully restated.

24.

This Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

29.

This Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**WRONGFUL DEATH**

35.

Responding to Paragraph 35 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 34 above as if fully restated.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## ESTATE'S TORT CLAIMS

38.

Responding to Paragraph 38 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 37 above as if fully restated.

39.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

40.

This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint, and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against this Defendant in any form, fashion or amount whatsoever.

44.

Any allegations in Plaintiff's Complaint not specifically responded to above, are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Retiree Housing of Atlanta, Inc. demands that same be dismissed with costs assessed against the Plaintiff.

This **10th** day of November, 2021.

COPELAND, STAIR,
    KINGMA & LOVELL, LLP

By:  */s/ Jay M. O'Brien*
    JAY M. O'BRIEN
    State Bar No.: 234606
    ***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT RETIREE HOUSING OF ATLANTA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via electronic filing and service to counsel of record as follows:

Brandyn L. Randall
MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, TGA  30343-1007
brandall@forthepeople.com
*Counsel for Plaintiff*

This **<u>10th</u>** day of November, 2021.

COPELAND, STAIR,
    KINGMA & LOVELL, LLP


By:  */s/ Jay M. O'Brien*
    JAY M. O'BRIEN
    State Bar No.: 234606
    *Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV006116**
**11/10/2021 3:55 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

<span style="color:orange">Exhibit "D"</span>

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) ) | Civil Action File No.: 21EV006116 |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC., JOHN DOES 1-2; and XYZ CORPORATIONS 1-3, | ) ) ) ) ) | |
| | | |
| Defendants. | | |

## DEFENDANTS RETIREE HOUSING MANAGEMENT, INC.S' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Retiree Housing Management, Inc., and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Defendants, through their agents and employees, exercised that degree of skill and care required of them under Georgia law.

## THIRD DEFENSE

Defendants breached no duty owed to Plaintiffs, or Plaintiffs' decedent.

## FOURTH DEFENSE

The injuries suffered by Plaintiff's decedent and the damages alleged by the Plaintiff were not proximately caused by any negligent act or omission on the part of Defendants.

## FIFTH DEFENSE

Plaintiff's decedent failed to exercise ordinary care for her own safety.

## SIXTH DEFENSE

Plaintiff's decedent, through the exercise of ordinary care, could have avoided Plaintiff's alleged damages.

## SEVENTH DEFENSE

Plaintiff's decedent had equal knowledge of any alleged hazard or danger.

## EIGHT DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## NINTH DEFENSE

Plaintiff's decedent failed to mitigate her injuries and damages.

## TENTH DEFENSE

The damages and injuries alleged by Plaintiff were caused by a third-party, not the named Defendants.

## ELEVENTH DEFENSE

Without waiving any of the above enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION & VENUE

### 1.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

### 2.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

### 3.

Responding to the first sentence of Paragraph 3 of Plaintiff's Complaint, this Defendant admits that Defendant Retiree Housing of Atlanta, Inc. is a foreign corporation authorized to do business in Georgia, but denies the remaining allegations contained therein.  This Defendant admits the allegations contained in the second sentence of Paragraph 3 of Plaintiff's Complaint.

4.

Responding to the first sentence of Paragraph 4 of Plaintiff's Complaint, this Defendant admits that it is a foreign corporation authorized to do business in Georgia, but denies the remaining allegations contained therein. This Defendant admits the allegations contained in the second sentence of Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## STATEMENT OF FACTS

### 9.

This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10.

This Defendant admits that the decedent fell on the date of the incident, but denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

### 11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

### 12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## ACTIVE NEGLIGENCE

### 13.

Responding to Paragraph 13 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 12 above as if fully restated.

14.

This Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits it implemented safety procedures, but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## PREMISES LIABILITY

23.

Responding to Paragraph 23 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 22 above as if fully restated.

24.

This Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant admits that Defendants owed those duties required by law, but denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

29.

This Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## **WRONGFUL DEATH**

35.

Responding to Paragraph 35 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 34 above as if fully restated.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## ESTATE'S TORT CLAIMS

### 38.

Responding to Paragraph 38 of the Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 37 above as if fully restated.

### 39.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

### 40.

This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

### 41.

This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

### 42.

This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint, and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against this Defendant in any form, fashion or amount whatsoever.

44.

Any allegations in Plaintiff's Complaint not specifically responded to above, are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Retiree Housing Management, Inc. demands that same be dismissed with costs assessed against the Plaintiff.

This **10th** day of November, 2021.

> **COPELAND, STAIR,**
> **KINGMA & LOVELL, LLP**
>
> By:   */s/ Jay M. O'Brien*
> JAY M. O'BRIEN
> State Bar No.: 234606
> ***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT RETIREE HOUSING MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via electronic filing and service to counsel of record as follows:

Brandyn L. Randall
MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA  30343-1007
brandall@forthepeople.com
*Counsel for Plaintiff*

This **<u>10th</u>** day of November, 2021.

COPELAND, STAIR,
   KINGMA & LOVELL, LLP


By: _/s/ Jay M. O'Brien_
   JAY M. O'BRIEN
   State Bar No.: 234606
   *Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

State Court of Fulton County
**E-FILED**
21EV006116
11/10/2021 3:55 PM
Christopher G. Scott, Clerk
Civil Division

Exhibit "E"

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC., JOHN DOES 1-2; and XYZ CORPORATIONS 1-3,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action<br>File No.: 21EV006116 |

## DEFENDANTS' JURY DEMAND

COMES NOW, Defendants in the above-styled civil action, and within the time permitted by law hereby demands a jury of twelve on all issues of fact.

This **10th** day of November, 2021.

                              COPELAND, STAIR,
                                KINGMA & LOVELL, LLP

                              By: _/s/ Jay M. O'Brien_____
                                JAY M. O'BRIEN
                                State Bar No.: 234606
                                ***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
jobrien@cskl.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and

foregoing **DEFENDANTS' JURY DEMAND** upon all parties to this matter via

electronic filing and service to counsel of record as follows:

Brandyn L. Randall
MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, TGA  30343-1007
brandall@forthepeople.com
***Counsel for Plaintiff***

This **<u>10th</u>** day of November, 2021.

**COPELAND, STAIR,**
    **KINGMA & LOVELL, LLP**


By: *  /s/ Jay M. O'Brien          *
    JAY M. O'BRIEN
    State Bar No.: 234606
    ***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

-2-

State Court of Fulton County
**E-FILED**
21EV006116
10/11/2021 11:36 AM
Christopher G. Scott, Clerk
Civil Division

## Exhibit "F"

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| vs. | ) ) |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3, | ) ) ) ) ) ) |
| Defendants. | ) |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendant Retiree Housing of Atlanta, Inc.;

2. Plaintiff's First Request for Admissions to Defendant Retiree Housing Management, Inc.;

3. Plaintiff's First Interrogatories to Defendants;

4. Plaintiff's First Request for Production of Documents to Defendants;

5. Plaintiff's 30(b)(6) Deposition Notice of Defendant Retiree Housing of Atlanta, Inc..; and

6. Plaintiff's 30(b)(6) Deposition Notice of Defendant Retiree Housing Management, Inc..

(Signature on Following Page)

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

/s/ *Brandyn L. Randall*

Brandyn L. Randall
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

2

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

MELISSA BARTOLOMEI, as Surviving Child    )
of THERESA JARBOE-BARTOLOMEI,    )
deceased; and MELISSA BARTOLOMEI,    )
as Administrator of the Estate of    )
THERESA JARBOE-BARTOLOMEI,    )
deceased,    )
    )
        Plaintiff,    )    CIVIL ACTION FILE NO.:
    )
vs.    )    21EV006116
    )
RETIREE HOUSING OF ATLANTA, INC.    )
f/k/a TEAMSTER RETIREE HOUSING OF    )
ATLANTA, INC.; RETIREE HOUSING    )
MANAGEMENT, INC.; JOHN DOES 1 – 2;    )
and XYZ CORPORATIONS 1 – 3,    )
    )
        Defendants.    )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Plaintiff Melissa Bartolomei, pursuant to O.C.G.A. §§ 9-11-33, serves upon each Defendant Plaintiff's First Interrogatories to Defendants to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, between the time the answers are served and the time of trial. All such supplemental answers

1

must be filed and served upon the counsel of record for the above-named Plaintiff within thirty (30) days from receipt of such additional information.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained,

translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a)    When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b)    When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)    When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and

3

state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

### 1.

Please identify the full and correct legal names of the owner(s), manager(s), and operator(s) of the property located at 450 Fairburn Road, S.W., Atlanta, Georgia 30331 (the "Premises") and any business located on the Premises on October 11, 2019 (the "date of incident"). **If these are different persons or entities, please identify which party owned and which party managed or operated the identified property and business(es).**

### 2.

Please identify the person(s) responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories.

### 3.

If you contend that Plaintiff has brought action against the wrong entity due to a

4

misnomer, please state the complete name of the correct defendant(s) in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d)     Assisted Theresa Jarboe-Bartolomei on the Premises after the incident; and

(e)     Were working or scheduled to work at or on the Premises on the date of incident.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and

identify each person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident described in Plaintiff's Complaint.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Please identify each person, employed by any Defendant, who was present and/or working at any time on the Premises on the date of the incident or within the twenty-four (24) hours prior to the incident. Specify which Defendant(s) employed each person identified and note which individuals are no longer employed by said Defendant(s).

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party?  If so, please identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

6

12.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

13.

Please state whether, prior to the incident which is the subject of Plaintiff's Complaint, any procedure, policy or program existed for the regular inspection of the Premises by Defendants or someone acting on their behalf, which was designed to identify and/or discover potential hazards to the users of the Premises thereof. If so:

(a)  Provide a general description of each such procedure, policy or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure, policy or program;

(b)  State the regularity with which each such procedure, policy or program was to be implemented or conducted, if applicable;

(c)  State whether the procedure, policy or program had been carried out prior to the date of the incident;

(d)  State whether the procedure, policy or program was carried out on the date of incident; and

(e)   Identify all documents relating to each such procedure, policy or program and their findings.

14.

Please identify any and all procedures, policies or programs existing on the date of incident for: (1) regular inspection of the Premises and its approaches and (2) warnings about hazards discovered on the Premises and its approaches by Defendants or someone acting on their

7

behalf including the following:

(a) A general description of each procedure, policy or program, including all timing requirements for performing the inspection(s);

(b) The regularity with which each procedure, policy or program was to be implemented or conducted;

(c) The identity of each person charged with implementing and conducting each procedure, policy or program;

(d) The identity of all documents relating to each procedure, policy or program; any potential findings; and the required response to any findings;

(e) Whether each procedure, policy or program was carried out on the date of incident, on the Premises and its approaches, prior to the incident at issue in this case; and

(f) Whether each procedure, policy or program was carried out on the date of incident, on the Premises and its approaches, in response to the incident at issue in this case.

15.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants? If your answer is yes, please identify:

(a) The party whom you contend was guilty of such negligence;

(b) Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Each and every fact and reason upon which you base your contentions; and

(d) Every person who has any knowledge or information concerning each such fact.

16.

Please identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

17.

Please identify any and all incident reports and/or documentary writings made by you which concern the incident at issue in this case. With your response, describe when incident reports should be created and the process and procedure for creating incident reports in response to events involving injuries occurring on the Premises and its approaches.

18.

Please identify any and all safety manuals, employee handbooks, and written procedures, in effect on and prior to the date of incident.

19.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

*Plaintiff's First Interrogatories to Defendants is served upon you together with Plaintiff's Complaint.*

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

BRANDYN L. RANDALL
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)

*Attorney for Plaintiff*

10

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| vs. | ) ) | 21EV006116 |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RETIREE HOUSING OF ATLANTA, INC.

Plaintiff hereby requests that Defendants admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

1

## REQUESTS FOR ADMISSION

1.

Please admit that this Court has personal jurisdiction over you for this lawsuit.

2.

Please admit that venue for this action is proper as alleged in the Complaint.

3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that all necessary parties are named in the Complaint for this action.

7.

Please admit Theresa Jarboe-Bartolomei did not contribute to or cause the injuries she suffered on the date of the incident.

8.

Please admit Theresa Jarboe-Bartolomei exercised ordinary care and diligence while on or about the Premises.

9.

Please admit you owed Theresa Jarboe-Bartolomei a duty to exercise ordinary care in keeping the Premises and its approaches safe.

10.

Please admit that you failed to exercise ordinary care in keeping the Premises and its approaches safe, on the date of incident.

11.

Please admit that you breached your duty of care owed to Theresa Jarboe-Bartolomei.

12.

Please admit that, on the date of incident, you had a written policy for inspecting the Premises.

13.

Please admit that, on the date of incident, your policies and procedures for inspecting the Premises were inadequate.

14.

Please admit that Theresa Jarboe-Bartolomei was injured as a direct and proximate result of your negligence.

15.

Please admit that as a direct and proximate result of your acts and omissions, Theresa Jarboe-Bartolomei incurred medical expenses and other damages.

16.

Please admit that Plaintiff, as the Administrator of the Estate of Theresa Jarboe-Bartolomei, is entitled to recover damages from you equal to all expenses incurred in the provision of medical care and treatment to Theresa Jarboe-Bartolomei resulting from the Defendants' wrongful conduct.

17.

Please admit that Plaintiff, as the Administrator of the Estate of Theresa Jarboe-Bartolomei, is entitled to recover damages from you for Theresa Jarboe-Bartolomei's conscious pain and suffering prior to her death.

18.

Please admit Plaintiff, as surviving child of Theresa Jarboe-Bartolomei, is entitled to compensatory damages for the full value of the life of Theresa Jarboe-Bartolomei.

19.

Please admit that you possess video and/or still camera footage of Theresa Jarboe-Bartolomei at, on, or near the Premises on the date of the incident.

20.

Please admit that Theresa Jarboe-Bartolomei died on November 1, 2019 as a direct and proximate result of the injuries caused by your negligent acts and omissions.

21.

Please admit that, on the date of incident, your policies and procedures required your employees, representatives, and/or agents to address known hazardous conditions as soon as possible.

22.

Please admit that, on the date of incident, you had a written policy(ies) or guideline(s) for the placement of warning signs about hazardous conditions on the Premises.

Plaintiff's First Request for Admissions to Defendant Retiree Housing of Atlanta, Inc. is served upon you together with Plaintiff's Complaint.

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

BRANDYN L. RANDALL
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)

*Attorney for Plaintiff*

5

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| vs. | ) ) | 21EV006116 |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff, Melissa Bartolomei, as Surviving Child of Theresa Jarboe-Bartolomei, deceased and Melissa Bartolomei, as Administrator of the Estate of Theresa Jarboe-Bartolomei, deceased, pursuant to O.C.G.A. §§ 9-11-34, serves upon Defendants Plaintiff's First Request for Production of Documents to Each Defendant to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

Written responses to Plaintiff's Request for Production of Each Document are to be served within forty-five (45) days from the date of service hereof. The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan and Morgan Atlanta, PLLC., 191 Peachtree St. NE, #4200, Atlanta, GA 30303 on the forty-fifth (45th) day from the date of service hereof unless the forty-fifth (45th) day falls on a holiday or weekend, in

which event the production will take place on the Monday following the 45th day; or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel. In lieu of this, you may attach copies thereof to your written responses to said request for production.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)  "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other

sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a)     When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b)     When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

3

(c)      When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)      When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## DOCUMENTS TO BE PRODUCED

1.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted in your Answer to Plaintiff's Complaint.

4

2.

Please produce any and all photographs, videos, drawings, maps or sketches of the scene of the incident described in Plaintiff's Complaint.

3.

Please produce any surveillance photographs, movies or videotapes made of Theresa Jarboe-Bartolomei at or on the real property located at 450 Fairburn Road, S.W., Atlanta, Fulton County, Georgia 30331 (the "Premises") on October 11, 2021(the "date of incident").

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Please produce each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Please produce each and every document comprising a report made by any person you expect to call as an expert witness at the trial of this case.

5

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

9.

Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories to Defendants.

10.

Please produce all statements in your possession, made or provided by Plaintiff or Theresa Jarboe-Bartolomei, which concern the subject matter of this action.

11.

Please produce all documents that discuss, review, explain, outline, and/or define your procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident.

12.

Please produce all documents that discuss, review, explain, outline, and/or define your procedure(s) for reporting, taking and/or filing incident reports, effective after the date of incident.

13.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos and procedures, effective on the date of incident, including but not limited to: any references to procedures for inspecting, maintaining and/or repairing the Premises and its approaches; and any

references to procedures for identifying and removing hazards and/or hazardous conditions on the Premises and its approaches.

14.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective <u>after</u> the date of incident.

15.

Please produce copies of all of your employee personnel files, timesheets, and reports for all employees present on the Premises on the date of incident.

16.

Please produce a copy of all witness and employee statements gathered in conjunction with any incident report you prepared regarding the incident at issue in this case.

17.

A copy of all documents you receive in response to a subpoena, document production request, or request to produce which were provided by any party other than Plaintiff in this matter.

18.

Produce copies of every single written correspondence you received from Plaintiff, Theresa Jarboe-Bartolomei or Plaintiff's representatives, including Plaintiff's attorney, since the date of incident.

*Plaintiff's First Request for Production of Documents to Defendants is served upon you together with Plaintiff's Complaint.*

This 11th day of October, 2021.

         **MORGAN & MORGAN ATLANTA, PLLC**

         BRANDYN L. RANDALL
         BRandall@ForThePeople.com
         Georgia State Bar No.: 627408
         Post Office Box 57007
         Atlanta, GA 30343-1007
         404-965-8811 (Telephone)
         404-965-8812 (Fax)

         *Attorney for Plaintiff*

8

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION FILE NO.: |
| vs. | ) 21EV006116 ) |
| RETIREE HOUSING OF ATLANTA, INC. f/k/a TEAMSTER RETIREE HOUSING OF ATLANTA, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE OF
### DEFENDANT RETIREE HOUSING OF ATLANTA, INC.

TO:   RETIREE HOUSING OF ATLANTA, INC.
c/o CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

**PLEASE TAKE NOTICE** that Plaintiff, by and through counsel, will take the

deposition on oral examination of the 30(b)(6) designated representative(s), on Thursday,

December 9, 2021 beginning at 11:00 AM and will continue from day to day until complete. All

parties as well as the court reporter will attend the deposition remotely via Zoom. The deposition

will be taken in the presence of an officer duly authorized to administer oaths and will be taken

pursuant to O.C.G.A. § 9-11-30 and Georgia law. The deponent will be sworn in remotely and

the parties waive any objection that the remote swearing in of the deponent is invalid.

1

Pursuant to O.C.G.A. § 9-11-30(b)(6), you are requested to designate agents, representatives and/or employees for Defendant RETIREE HOUSING OF ATLANTA, INC. who consent to testify on Defendant's behalf and who are most knowledgeable about the maintenance, safety inspections, and repairing of the rental property located at *450 Fairburn Road, S.W., Atlanta, Georgia 30331 (the "Premises")* where Theresa Jarboe-Bartolomei fell on *October 11, 2019 (the "date of incident")* and the following matters:

1. The identity of all individuals, including Retiree Housing Of Atlanta, Inc. employees or contractors, that you spoke with to prepare to discuss the topics in this deposition notice;

2. The subject matter and content of all communications between you and anyone to prepare you to discuss the topics in this deposition notice, <u>not including</u> communications containing legal advice from attorneys or legal professionals;

3. All documents, photographs, videos, pleadings, discovery responses, and/ or written communications you reviewed to prepare to discuss the topics in this deposition notice, not including those containing legal advice prepared by attorneys or legal professionals;

4. Retiree Housing Of Atlanta, Inc.'s written discovery responses in this case;

5. Retiree Housing Of Atlanta, Inc.'s pleadings and defenses in this case;

6. Retiree Housing Of Atlanta, Inc.'s procedures for maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

7. Whether Retiree Housing Of Atlanta, Inc. had a premises safety program, safety policies, or safety procedures in place for the Premises on the date of the incident; if so, compliance criteria for any premises safety program, safety policies, or safety procedures for the Premises on the date of the incident;

8. Cleaning logs for the maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

9. Inspection logs for maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

10. Retiree Housing Of Atlanta, Inc.'s procedures on the date of incident for determining whether a condition or substance on the floors on the Premises constituted a slip hazard for invitees on the Premises, including:

    a. Whether Retiree Housing Of Atlanta, Inc.'s considered a particular substance or condition on the floors to be a slip hazard; and

    b. How employees and contractors were instructed to determine whether a particular substance or condition was a slip hazard;

11. For the Premises on the date of the incident, Retiree Housing Of Atlanta, Inc.'s policies and procedures to prevent, reduce, or warn of slip and fall hazards, including its policies regarding the use of floor mats, wet floor cones, and/ or warning signs for the floors on the Premises;

12. Retiree Housing Of Atlanta, Inc.'s policies and procedures on the date of incident pertaining to Retiree Housing Of Atlanta, Inc.'s employees and contractors mopping, cleaning, and sweeping the Premises, including the restroom floors;

13. All notices Retiree Housing Of Atlanta, Inc.'s received regarding wet, slippery, or sticky floors on the Premises on the date of incident;

14. All notices Retiree Housing Of Atlanta, Inc.'s received regarding wet, slippery, or sticky floors on the Premises on the date of the incident;

15. Reprimands, punishments, or warnings given to Retiree Housing Of Atlanta, Inc. employees or contractors regarding improper inspection, cleaning, maintenance, warning of hazards, or violations of any safety procedures arising out of Theresa Jarboe-Bartolomei's alleged fall on the Premises on the date of incident;

16. All notices Retiree Housing Of Atlanta, Inc. received regarding falls on any floor on the Premises on the date of the incident;

17. The terms of all agreements and contracts between you and all other Defendants in this action on the date of incident for the Premises;

18. The relationships between you and all other Defendants in this action on the date of incident for the Premises;

19. Any Retiree Housing Of Atlanta, Inc.'s supervision of its employees or contractors to ensure compliance with Retiree Housing Of Atlanta, Inc.'s safety program, safety policies, and safety procedures in place for the Premises on the date of the incident;

20. Any Retiree Housing Of Atlanta, Inc. training of its employees or contractors to ensure compliance with Retiree Housing Of Atlanta, Inc. premises safety program, safety policies, or safety procedures for the Premises on the date of the incident;

21. The contents of all incident reports, logs, or documents pertaining to Theresa Jarboe-Bartolomei on the date of the incident on the Premises that were created in the ordinary course of Retiree Housing Of Atlanta, Inc.'s business before litigation was reasonably anticipated;

22. The name and contact information for any eyewitnesses to Theresa Jarboe-Bartolomei's fall on the Premises on the date of the incident;

23. The names and job titles of any Retiree Housing Of Atlanta, Inc.'s employees and

4

contractors who were within 50' of Theresa Jarboe-Bartolomei when she fell on the Premises on the date of incident;

24. Whether Retiree Housing Of Atlanta, Inc. considers a liquid substance on floor where Theresa Jarboe-Bartolomei fell on the Premises on the date of the incident, to be a slipping hazard to its guests and employees; and

25. For the Premises on the date of the incident, any liquid or substance used on the floors at or near the time of Theresa Jarboe-Bartolomei's fall including:

   a. the type of liquid/ substance used;

   b. the origin of said liquid/ substance;

   c. the length of time the liquid/ substance was on the floor before Theresa Jarboe-Bartolomei's fall;

   d. the names of any Retiree Housing Of Atlanta, Inc. employees and/ or contractors who had knowledge of said liquid/ substance on the floor before or after Theresa Jarboe-Bartolomei's fall;

   e. whether said liquid/ substance constitutes a slipping hazard according to Retiree Housing Of Atlanta, Inc.'s policies and procedures; and

   f. Whether any warnings or notices of the liquid/ substance was given to Theresa Jarboe-Bartolomei by any of your employees or contractors.

*Plaintiff's 30(b)(6) Deposition Notice of Defendant Retiree Housing of Atlanta, Inc. is served upon you together with Plaintiff's Complaint.*

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

BRANDYN L. RANDALL
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELISSA BARTOLOMEI, as Surviving Child of THERESA JARBOE-BARTOLOMEI, deceased; and MELISSA BARTOLOMEI, as Administrator of the Estate of THERESA JARBOE-BARTOLOMEI, deceased,<br><br>           Plaintiff,<br><br>vs.<br><br>RETIREE HOUSING MANAGEMENT,, INC. f/k/a TEAMSTER RETIREE HOUSING MANAGEMENT,, INC.; RETIREE HOUSING MANAGEMENT, INC.; JOHN DOES 1 – 2; and XYZ CORPORATIONS 1 – 3,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE NO.:<br>)<br>)   21EV006116<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE OF
## DEFENDANT RETIREE HOUSING MANAGEMENT, INC.

TO:    RETIREE HOUSING MANAGEMENT, INC.
         c/o CT Corporation System
         289 South Culver Street
         Lawrenceville, Georgia 30046

**PLEASE TAKE NOTICE** that Plaintiff, by and through counsel, will take the

deposition on oral examination of the 30(b)(6) designated representative(s), on Thursday,

December 9, 2021 beginning at 1:30 PM and will continue from day to day until complete. All

parties as well as the court reporter will attend the deposition remotely via Zoom. The deposition

will be taken in the presence of an officer duly authorized to administer oaths and will be taken

pursuant to O.C.G.A. § 9-11-30 and Georgia law. The deponent will be sworn in remotely and

the parties waive any objection that the remote swearing in of the deponent is invalid.

1

Pursuant to O.C.G.A. § 9-11-30(b)(6), you are requested to designate agents, representatives and/or employees for Defendant RETIREE HOUSING MANAGEMENT, INC. who consent to testify on Defendant's behalf and who are most knowledgeable about the maintenance, safety inspections, and repairing of the rental property located at *450 Fairburn Road, S.W., Atlanta, Georgia 30331 (the "Premises")* where Theresa Jarboe-Bartolomei fell on *October 11, 2019 (the "date of incident")* and the following matters:

1. The identity of all individuals, including Retiree Housing Management, Inc. employees or contractors, that you spoke with to prepare to discuss the topics in this deposition notice;

2. The subject matter and content of all communications between you and anyone to prepare you to discuss the topics in this deposition notice, not including communications containing legal advice from attorneys or legal professionals;

3. All documents, photographs, videos, pleadings, discovery responses, and/ or written communications you reviewed to prepare to discuss the topics in this deposition notice, not including those containing legal advice prepared by attorneys or legal professionals;

4. Retiree Housing Management,, Inc.'s written discovery responses in this case;

5. Retiree Housing Management,, Inc.'s pleadings and defenses in this case;

6. Retiree Housing Management,, Inc.'s procedures for maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

7. Whether Retiree Housing Management,, Inc..had a premises safety program, safety policies, or safety procedures in place for the Premises on the date of the incident; if so, compliance criteria for any premises safety program, safety policies, or safety procedures for the Premises on the date of the incident;

8. Cleaning logs for the maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

9. Inspection logs for maintaining, inspecting, and cleaning the floors within the Premises on the date of the incident;

10. Retiree Housing Management,, Inc.'s procedures on the date of incident for determining whether a condition or substance on the floors on the Premises constituted a slip hazard for invitees on the Premises, including:

   a. Whether Retiree Housing Management,, Inc.'s considered a particular substance or condition on the floors to be a slip hazard; and

   b. How employees and contractors were instructed to determine whether a particular substance or condition was a slip hazard;

11. For the Premises on the date of the incident, Retiree Housing Management,, Inc.'s policies and procedures to prevent, reduce, or warn of slip and fall hazards, including its policies regarding the use of floor mats, wet floor cones, and/ or warning signs for the floors on the Premises;

12. Retiree Housing Management,, Inc.'s policies and procedures on the date of incident pertaining to Retiree Housing Management,, Inc.'s employees and contractors mopping, cleaning, and sweeping the Premises, including the restroom floors;

13. All notices Retiree Housing Management,, Inc.'s received regarding wet, slippery, or sticky floors on the Premises on the date of incident;

14. All notices Retiree Housing Management,, Inc.'s received regarding wet, slippery, or sticky floors on the Premises on the date of the incident;

15. Reprimands, punishments, or warnings given to Retiree Housing Management,, Inc. employees or contractors regarding improper inspection, cleaning, maintenance, warning of hazards, or violations of any safety procedures arising out of Theresa Jarboe-Bartolomei's fall on the Premises on the date of incident;

16. All notices Retiree Housing Management,, Inc. received regarding falls on any floor on the Premises on the date of the incident;

17. The terms of all agreements and contracts between you and all other Defendants in this action on the date of incident for the Premises;

18. The relationships between you and all other Defendants in this action on the date of incident for the Premises;

19. Any Retiree Housing Management,, Inc.'s supervision of its employees or contractors to ensure compliance with Retiree Housing Management,, Inc.'s safety program, safety policies, and safety procedures in place for the Premises on the date of the incident;

20. Any Retiree Housing Management,, Inc. training of its employees or contractors to ensure compliance with Retiree Housing Management,, Inc. premises safety program, safety policies, or safety procedures for the Premises on the date of the incident;

21. The contents of all incident reports, logs, or documents pertaining to Theresa Jarboe-Bartolomei on the date of the incident on the Premises that were created in the ordinary course of Retiree Housing Management,, Inc.'s business before litigation was reasonably anticipated;

22. The name and contact information for any eyewitnesses to Theresa Jarboe-Bartolomei's fall on the Premises on the date of the incident;

23. The names and job titles of any Retiree Housing Management,, Inc.'s employees and

contractors who were within 50' of Theresa Jarboe-Bartolomei when she fell on the Premises on the date of incident;

24. Whether Retiree Housing Management,, Inc. considers a liquid substance on floor where Theresa Jarboe-Bartolomei claims to have fallen on the Premises on the date of the incident, to be a slipping hazard to its guests and employees; and

25. For the Premises on the date of the incident, any liquid or substance used on the floors at or near the time of Theresa Jarboe-Bartolomei's fall including:

   a. the type of liquid/ substance used;

   b. the origin of said liquid/ substance;

   c. the length of time the liquid/ substance was on the floor before Theresa Jarboe-Bartolomei's fall;

   d. the names of any Retiree Housing Management,, Inc. employees and/ or contractors who had knowledge of said liquid/ substance on the floor before or after Theresa Jarboe-Bartolomei's fall;

   e. whether said liquid/ substance constitutes a slipping hazard according to Retiree Housing Management,, Inc.'s policies and procedures; and

   f. Whether any warnings or notices of the liquid/ substance was given to Theresa Jarboe-Bartolomei by any of your employees or contractors.


***Plaintiff's 30(b)(6) Deposition Notice of Defendant Retiree Housing of Management, Inc.  is served upon you together with Plaintiff's Complaint.***

This 11th day of October, 2021.

MORGAN & MORGAN ATLANTA, PLLC

BRANDYN L. RANDALL
BRandall@ForThePeople.com
Georgia State Bar No.: 627408
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

6